UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA ROBAR,

      Petitioner,

                                  CASE NO. 04-CV-74933-DT
v.                                  HONORABLE BERNARD A. FRIEDMAN

CLARICE STOVALL,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Maria Robar ("Petitioner"), a state prisoner currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of her drug conviction sentence of 10 to 20 years imprisonment. For the reasons stated below, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**I.     Facts and Procedural History**

Petitioner pleaded *no lo contendere* to delivery of a controlled substance (narcotic or cocaine) between 50 and 224 grams in the Muskegon County Circuit Court on March 6, 2003. In exchange for the plea, the prosecution agreed to dismiss to separate charges of uttering and publishing and a habitual offender third offense. The parties also agreed to a sentencing (Cobbs) evaluation which provided that Petitioner would receive a minimum sentence of 10 years imprisonment. At the time Petitioner committed her crime in June, 2002, the offense carried a mandatory minimum sentence of 10 years imprisonment, from which the trial court could depart

1

only upon a finding of substantial and compelling reasons.

On April 14, 2003, Petitioner was sentenced to 10 years to 20 years imprisonment. Prior to sentencing, Petitioner sought reconsideration of the 10-year sentence evaluation in light of newly-enacted controlled substance statutes, 2002 Public Acts 665, 666, and 670, which, in relevant part, eliminated mandatory minimums for most drug offenses committed after March 1, 2003. Petitioner argued that the statutory amendments should be applied retroactively to her case. The trial court denied the motion, finding that the legislative intent was for defendants who commit major drug crimes prior to March 1, 2003 to be sentenced to their minimum statutory sentences as the statutes existed prior to March 1, 2003 unless the court finds substantial and compelling reasons for departure.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Robar*, No. 250304 (Mich. App. Aug. 28, 2003) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Robar*, 469 Mich. 1002, 675 N.W.2d 595 (2004). Petitioner's motion for reconsideration and remand was also denied. *People v. Robar*, 469 Mich. 1002, 679 N.W.2d 75 (2004).

Petitioner thereafter filed the present petition for writ of habeas corpus asserting the following claim:

> The trial court abused its discretion and clearly erred through its interpretation that the newly enacted drug statutes did not apply to the defendant's mandatory minimum sentence.

Respondent has filed an answer to the petition contending that Petitioner's claim is not cognizable upon habeas review and should be denied.

II.    **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must

3

have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**III.    Analysis**

Petitioner sole claim before this Court is that she is entitled to habeas relief because the state courts failed to properly interpret the newly-enacted drug statutes and apply those provisions to alleviate her mandatory minimum sentence. Respondent contends that this claim is not cognizable upon federal habeas review and should be denied.

Having considered the matter, this Court agrees with Respondent. Petitioner's habeas

4

claim not cognizable in this federal habeas corpus proceeding because it challenges the state trial court's interpretation and application of Michigan's drug statutes and sentencing laws. A state court's alleged misinterpretation of state sentencing guidelines and statutes is a matter of state concern only. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)); *see also Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). It is well-settled that federal habeas corpus relief does not lie for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). A federal habeas court must give deference to a state court's construction of state law. *See, e.g., Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998). This Court must defer to the state court's interpretation of Michigan's drug laws and sentencing provisions and cannot grant habeas relief based upon such a challenge. Petitioner has neither alleged nor established that her sentence violates federal law. Habeas relief is therefore not warranted in this case.

**IV.     Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in her petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim

5

debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.  The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  Her state law sentencing claim is not cognizable upon habeas review.  Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  See Fed. R. App. P. 24(a).

      Accordingly,

      **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


                                        s/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        UNITED STATES DISTRICT JUDGE

DATED:    January 10, 2006